SAMUEL SPARHAWK 2D *vs.* CITY OF SALEM.

A town is not liable for an injury sustained by a traveller while straying outside of the limits of the highway, when the whole highway and the land next adjoining are safe and convenient to travel upon; nor are towns obliged to maintain fences merely to prevent travellers from straying out of the highway.

TORT for an injury sustained by reason of a defective highway. The defect alleged was the want of a fence. At the

trial in the superior court it appeared that Bridge Street was a highway which the defendants were bound to keep in repair; that it adjoined land of the Essex Railroad Company; that the station of the company was forty feet from the located limits of the street; that between the station and the street the surface of the ground was smooth and even, and, for a portion of the way, was not separated from the street by a fence; that at one end of the station there was an embankment, and that an agent of the plaintiff, while travelling over Bridge Street in the evening and driving the plaintiff's horse and carriage, passed beyond the line of the street in front of the station, across the land of the railroad company, and down the embankment, thereby causing the injury complained of. Upon these facts, the defendants requested the court to instruct the jury that there was no defect in Bridge Street for which they were liable; but *Rockwell*, J. declined so to rule, and, a verdict having been rendered for the plaintiff, the defendants alleged exceptions.

*W. C. Endicott*, for the defendants.

*J. C. Perkins & E. W. Kimball*, for the plaintiff.

CHAPMAN, J. It appears that the highway in question was safe and convenient for travellers throughout its entire width; and the land adjoining it was also safe and convenient to travel upon. After getting entirely outside the highway in safety, the traveller must proceed still further in order to reach a dangerous place. If he reached that place and was injured, the want of a railing was remotely and not immediately connected with the injury. If cities and towns are bound to protect travellers against such dangers, by erecting railings to prevent them from straying out of the highway, it is difficult to see the limit of their liability. In passing over an unfenced plain in the nighttime, the traveller might stray away from the road to a great distance, at the risk of the town, unless they fenced in their whole highway. Or he might, by mistake, enter a private way, or an open space, such as is often left about a farm-house; or a large public common, or an unfenced forest, and hold the town responsible for any injury he might receive there, because they had not fenced against the private way, or open space, or com-

mon or forest. Indeed they would be liable to him for any injury he might receive from coming in collision with any building or structure in the city, by straying beyond the limits of a street in the dark, unless they provided railings along all their public streets.

But none of the cases cited sanction the doctrine that rail-ings are necessary merely to prevent travellers from straying out of the highway when there is no unsafe place immediately contiguous to the way. On the contrary, these cases require the party to show that the defect which caused the injury existed either in the highway, or so immediately contiguous to it as to make it dangerous to travel on the highway itself. *Snow* v. *Adams*, 1 Cush. 443. *Palmer* v. *Andover*, 2 Cush. 600. *Cogswell* v. *Lexington*, 4 Cush. 307. *Collins* v. *Dorchester*, 6 Cush. 396. *Tuttle* v. *Holyoke*, 6 Gray, 447. *Hayden* v. *Attleborough*, 7 Gray, 338. By statute, the highway must be made safe and convenient for travellers; and where in travelling near the edge of the way there is danger of being precipitated down an embankment, or into an excavation, or into water, a railing is necessary to make travelling on the highway safe. Without it there would be immediate danger. It is for this reason that an action is given for want of sufficient railing as well as for defect or want of repair.

The danger in the present case arose from the darkness; and if there had been a railing the plaintiff's carriage might have been driven against it. But the city was not under obligation to furnish a light.

If the want of a railing at this place were a defect, the city would be liable to an indictment for neglecting to place one there. But it cannot be that cities are liable to indictment for neglecting to place a railing in front of every smooth and level space adjoining their streets which the owner may leave unfenced. Such a railing would generally be an obstruction to the beneficial use of the streets, and would more frequently create danger than prevent it.

*Exceptions sustained.*